IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JESSE LILES and CHRISTIE LILES. | § § § |
| Plaintiffs, | § § § |
| | § CIVIL ACTION NO. 2:11-cv-528-JRG |
| v. | § § |
| TH HEALTHCARE, LTD. f/k/a TENET HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER, et al., | § § § § § |
| Defendants. | § § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jesse Liles and Christie Liles' ("Plaintiffs") Rule 15B and 56F Motion to Enlarge Time to Designate Expert Witnesses, Extend the Discovery Deadline, to Amend Pleadings, and for Motions to Compel Discovery (Dkt. No. 205). Having considered the parties' written submissions and the evidence in the record, the Court hereby **DENIES** Plaintiffs' Motion (Dkt. No. 205).

I. PROCEDURAL BACKGROUND

On December 27, 2011 Plaintiffs filed suit against Defendants, advancing claims for medical malpractice and/or negligence, violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, conspiracy to violate EMTALA, and fraud. *See* Plaintiffs' Original Complaint (Dkt. No. 1).

1

On September 20, 2013, the Court entered an Amended Docket Control Order (Dkt. No. 110), which established a February 6, 2014 deadline for Plaintiffs to designate expert witnesses. However, Plaintiffs failed to designate expert witnesses on or before February 6, 2014. At no point before this deadline did Plaintiffs seek an extension of time to designate said experts, or move for a continuance.

Pursuant to the same Amended Docket Control Order (Dkt. No. 110), discovery closed on March 4, 2014. Defendants subsequently filed Motions to Dismiss (Dkt. Nos. 150, 160-162) and Motions for Summary Judgment (Dkt. Nos. 192-194) arguing principally that Plaintiffs' claims cannot be established on a *prima facie* basis without expert evidence and that consequently Plaintiffs' failure to designate expert witnesses is fatal to Plaintiffs' claims, as a matter of law. These motions were all filed on or before April 10, 2014. However, even in the face of such motions to dismiss and for summary judgment, Plaintiffs filed no motion to continue the trial, reopen discovery, or extend the deadline to designate experts as set out in the Amended Docket Control Order.

Not until April 23, 2014 did Plaintiffs request such an extension of time to designate experts. *See* Plaintiffs' Motion (Dkt. No. 205) (currently before the Court).[1] Defendants oppose Plaintiffs' Motion and ask the Court to exclude any belated designation under Federal Rule of Civil Procedure 37(c)(1). *See* Defendants' Responses in Opposition and Motions to Strike (Dkt. Nos. 208, 213 and 214).

II.     **APPLICABLE LAW**

Plaintiffs' Motion is essentially a motion to permit the late designation of expert witnesses. Plaintiffs' accompanying requests to extend other deadlines simply flow from the need to

---

[1] Plaintiffs' reference FED. R. CIV. P 15(b) (concerning amending pleadings during or after trial) and 56(f) (concerning summary judgment) are inapposite.

incorporate expert testimony into various filings (*e.g.* dispositive motions). Accordingly, the Court looks to Federal Rules of Civil Procedure 26 and 37 to evaluate Plaintiffs' Motion and Defendants' corresponding opposition and motion to strike.

Rule 26(a)(2)(D) requires the parties to provide their expert disclosures "at the times and in the sequence that the court orders." If a party fails to provide information or to identify a witness pursuant to Rule 26(a), Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The Fifth Circuit has adopted a four-part test to determine whether the exclusion of improperly designated expert testimony is appropriate under Rule 37(c). *See CQ Inc. v. TXU Mining Co. LP,* 565 F.3d 268, 279-280 (5th Cir. 2009); *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). Pursuant to that test, the Court must consider: (1) the explanation by the party who failed to comply with the scheduling order; (2) the prejudice to the party opposing the designation; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the witness' testimony. *Id.*

### III. ANALYSIS

#### A. Plaintiffs' explanation for their failure to designate experts

Plaintiffs only explanation for their failure to designate experts is an allegation that Defendants have failed to adequately respond to Plaintiffs' "suggestions for disclosure." According to Plaintiffs, Defendants' refusal to produce accurate medical records and other documents prevented Plaintiffs' timely designation of experts. This argument fails on multiple levels. First, Plaintiffs rely on purely conclusory statements regarding Defendants' alleged "refus[al] to cooperate with Plaintiffs," as well as unproven allegations of a "conspiracy" to withhold or alter documents. *See* Plaintiffs' Motion, Dkt. No. 205, at 2, 5. Plaintiffs provide no material evidence in support of their accusations, and certain evidence that is cited actually

contradicts Plaintiffs' position. *See e.g.* Plaintiffs' Motion (Docket No. 205), at 5-6 (admitting that documents related to Plaintiff Jesse Liles' admission to Nacogdoches Medical Center were produced in January 2012—more than two years before the deadline for expert disclosures). Having reviewed Plaintiffs' Motion and the evidence in the record, the Court is not persuaded that Plaintiffs' failure to timely designate its expert witnesses or otherwise comply with the Court's Amended Docket Control Order is attributable to actions taken by Defendants or their counsel. Plaintiffs' attempt to shift the blame falls well short of what is required to support Plaintiffs' Motion.

Even if the Court were to accept Plaintiffs' allegations—against the evidence—the motion itself is untimely. Plaintiffs should have raised their concerns in advance of the deadline for designating expert witnesses, and sought a continuance or an extension of time from the Court. Even in the worst case, Plaintiffs should have moved for relief prior to the deadline for the submission of dispositive motions. Plaintiffs failed to do so, yet they offer no explanation for such delay.

Certainly one possible explanation for Plaintiffs' failure to timely designate experts is the inadvertent error of Plaintiffs' counsel. However, absent extraordinary circumstances, attorney inadvertence does not constitute excusable neglect. *See Soliz v. Assocs. in Med., P.A.*, 2007 U.S. Dist. LEXIS 53690 at *4 (S.D. Tex. Jul. 25, 2007) (citing *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2nd Cir. 2007)). While the Court is not inclined to engage in further speculation as to why this occurred, the fact that it happened is beyond dispute. The Court is not persuaded that extraordinary circumstances exist to excuse Plaintiffs' failure to timely designate experts or seek an extension of time from the Court. Accordingly, this factor weighs against Plaintiffs.

### B. Prejudice to Defendants

Plaintiffs' Motion requests that the Court extend virtually every pre-trial deadline established in the Amended Docket Control Order, including the deadline to: (1) designate experts, (2) complete discovery and move to compel, (3) amend pleadings, (4) mediate, (5) identify trial witnesses, (6) file dispositive motions, (7) file pre-trial objections and motions-in-limine, and (8) submit a joint pre-trial order. The Court notes that many of these deadlines passed before Plaintiffs saw fit to seek any extension of time. The Court also notes that Defendants timely designated their experts and filed dispositive motions based on Plaintiffs' inaction. Granting Plaintiffs' Motion at this time would prejudice Defendants "both in terms of trial strategy and costs of preparing yet another dispositive motion." *See Soliz,* at *7 (citing *Betzel v. State Farm Lloyd's*, 480 F.3d 704, 708 (5th Cir. 2007)). This factor also weighs against granting Plaintiffs' Motion.

### C. Propriety of a continuance

As a general practice, "a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel*, 480 F.3d at 708 (quoting *Campbell v. Keystone Aerial Surveys*, 138 F.3d 996, 1001 (5th Cir. 1998)). However, a continuance may cause additional expense to the non-moving party and "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991). Here, Plaintiffs waited until nearly three months after their court imposed deadline to designate experts (and nearly two weeks after the deadline for the submission of dispositive motions) to request any extension of time. Given the Plaintiffs' dilatory conduct, and the overall lack of justification for Plaintiffs' failure to designate, the Court is persuaded that a continuance is not only inappropriate in this case, but might well encourage such conduct in future cases here and elsewhere.

### D. Importance of the excluded testimony

It is undisputed that expert testimony is essential to Plaintiffs' case. Accordingly, this factor weighs in favor of the Plaintiff. However, each of the other factors weighs against the Plaintiff, and the Fifth Circuit has acknowledged that "the importance of such proposed testimony cannot *singularly* override the enforcement of local rules and scheduling orders." *Betzel*, 480 F.3d at 708 (quoting *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)) (emphasis in *Betzel*).

## IV. CONCLUSION

For all the reasons expressed above, and considering the totality of the circumstances in this case, the Court finds that Plaintiffs' Rule 15B and 56F Motion to Enlarge Time to Designate Expert Witnesses, Extend the Discovery Deadline, to Amend Pleadings, and for Motions to Compel Discovery (Dkt. No. 205) should be, and hereby is, **DENIED**.

**So ORDERED and SIGNED this 2nd day of May, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE