IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JESSE LILES and CHRISTIE LILES. | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2:11-cv-528-JRG |
| | § § | |
| v. | § § | |
| TH HEALTHCARE, LTD. f/k/a TENET HEALTHCARE, LTD d/b/a NACOGDOCHES MEDICAL CENTER, et al., | § § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions: Motion for Summary Judgment filed by Defendants Vikram C. Suraparaju, M.D., Jaidev Bhoopal, M.D., Tracy Hernandez, M.D., Mustafa Sardini, M.D. and Apogee Medical Group, Texas P.A. (the "Apogee Defendants") (Dkt. No. 192); Motion for Summary Judgment filed by Defendants Forest Country Emergency Physicians, Edward Stephens, MD, and Douglas Ferguson, MD (the "Forest Country Defendants") (Dkt. No. 193); Motion for Summary Judgment filed by Defendant James Young, MD ("Young") (Dkt. No. 194); and, Motion to Dismiss filed by Defendants TH Healthcare, Ltd. f/k/a Tenet Healthcare, Ltd. d/b/a Nacogdoches Medical Center, LifeMark Hospitals, Inc., Holly Babb RN, Sandra Williams RN, Timothy Magness RN, Dave Marshall RN, and Joy Smothers RT (collectively "Nacogdoches Medical Center") (Dkt. No. 150) (the Court treats Defendant Nacogdoches Medical Center's Motion to Dismiss as a Rule 56 motion seeking summary judgment).

1

Having considered the parties' written submissions and the evidence in the record, and for the reasons set out below, the Court **GRANTS** Defendants' Motions (Dkt. Nos. 150, 192, 193, and 194) and **ORDERS** that Plaintiffs **TAKE NOTHING** pursuant to their claims against Defendants in this case.

I.  PROCEDURAL BACKGROUND

On December 27, 2011 Plaintiffs filed suit against Defendants, advancing claims for medical malpractice and/or negligence, violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, conspiracy to violate EMTALA, and fraud. *See* Plaintiffs' Original Complaint (Dkt. No. 1). On March 6 and April 10, 2014, Defendants filed the motions currently before the Court (Dkt. Nos. 150, 192, 193 and 194) (collectively, the "Motions"). In the Motions, Defendants argue that Plaintiffs have failed to designate expert witnesses and that expert testimony is essential to support Plaintiffs' claims for relief. Plaintiffs counter that they have been prevented from serving the required designations because Defendants failed to provide necessary discovery. As a result, the disposition of the Motions is inextricably linked to the procedural history of this case, particularly Plaintiffs' failure to designate experts. Such procedural history is discussed at length in the Court's order of May 2, 2014 denying Plaintiffs' motion for an extension of time to designate experts (Dkt. No. 225), which discussion is adopted herein for all purposes.

II.  APPLICABLE LAW

A. **Conversion of a Rule 12(b)(6) Motion to a Rule 56 Motion**

The Court may, at its discretion, treat a motion to dismiss under Rule 12 as a Rule 56 motion for summary judgment, if matters outside the pleadings are presented to the Court. FED. R. CIV. P. 12(d) ("If, on a motion, under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented

to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Isquith on behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988). If the Court chooses to construe the motion as one for summary judgment, parties must be given notice to avoid unfair surprise. *Id.* at 195; *Clark v. Tarrant County, Texas*, 798 F.2d 736, 745 (5th Cir. 1986). However, when a non-movant submits material outside the pleadings in response to the motion to dismiss, the non-movant is on constructive notice that the motion will be treated as one for summary judgment. *See Douglas v. State of Texas*, No. 6:02-cv-80-C, 2003 U.S. Dist. LEXIS 28525, at *10-11 (N.D. Tex. Mar. 19, 2003). "Constructive notice that the court might consider matters outside the pleadings is sufficient to satisfy the notice requirements of Rule 56." *Id.* (citing *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995)).

Here, the Court finds that Plaintiffs have been afforded ample notice that Defendant Nacogdoches Medical Center's Motion to Dismiss might be converted to a Motion for Summary Judgment. First, Plaintiffs submitted various exhibits in opposition to Nacogdoches Medical Center and LifeMark Hospitals' Motion to Dismiss, inviting the Court to consider material well beyond the pleadings and putting Plaintiffs on constructive notice that the Court would consider the motion under Rule 56. *Id.* at *11 ("A party who submits material beyond the pleadings in opposition to a Rule 12(b)(6) motion to dismiss is scarcely in a position to claim unfair surprise or inequity.") (internal citations omitted). Moreover, Defendant Nacogdoches Medical Center's Motion to Dismiss relies on virtually identical reasoning to that contained in the other Defendants' Motions for Summary Judgment—specifically arguing that Plaintiffs have failed to designate expert witnesses and so cannot provide evidence that is essential to their claims. *Compare*

Nacogdoches Medical Center's Motion to Dismiss (Dkt. No. 150) *with* the other Defendants' Motions for Summary Judgment (Dkt. Nos. 192, 193 and 194).

### B. Summary Judgment under Rule 56

FED. R. CIV. P. 56(a) provides that the Court, "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant may introduce evidence affirmatively supporting its position, and is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Epps v. NCNB Nat'l Bank*, 838 F. Supp. 296, 298-99 (N.D. Tex. 1993), affd, 7 F.3d 44 (5th Cir. 1993). Alternatively, the movant can file a so-called "no evidence" motion for summary judgment, meeting its burden by establishing that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In either the traditional or no-evidence context, "[s]ummary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

### III. ANALYSIS

As a threshold matter, the Court notes the deadline for filing responses to dispositive motions expired on April 24, 2014. *See* Order Granting Plaintiffs' Motion to Enlarge Time, Dkt. No. 188.[1] Plaintiffs failed to meet this deadline, filing their belated responses in opposition to the Motions (albeit without leave of this Court) on April 28 (Dkt. Nos. 210, 211) and May 1 (Dkt. No. 216)

---

[1] As indicated in the order, this represents an extension of the original deadline, which the Court ordered pursuant to Plaintiffs' request.

(collectively, the "Responses"). Plaintiffs offered no explanation for the late-filed Responses, which violate the Court's Scheduling Orders (Dkt. Nos. 110, 188) and Local Rules. *See* Local Rule CV-7(d) (providing that if a party fails to properly oppose the motion under the Local Rules, the Court may treat the motion as unopposed). Such ongoing disregard for the Court's deadlines is deeply perplexing, especially given that Defendants' Motions are based on Plaintiffs' failure to timely designate expert witnesses.

### C. Plaintiffs' Medical Malpractice Claims

This case is, at its core, a medical malpractice action.[2] Under Texas law, a plaintiff in a medical malpractice case bears the burden of proving (1) the physician or nurse's duty to act accordingly to the applicable standard of care; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Before reaching the merits however, the plaintiff must establish the applicable standard of care. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) ("The standard of care is a threshold issue which the plaintiff must establish before the fact finder moves on to consider whether the defendant breached that standard of care to such a degree that it constituted negligence."). A plaintiff must present expert testimony to cross this threshold, unless the applicable standard of care is "a matter of common knowledge or is within the experience of the layman." *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

Defendants' Motions argue that: (1) expert testimony is necessary to prove Plaintiffs' claims, and (2) Plaintiffs have failed to designate expert witnesses. *See* Defendants' Motions (Dkt. Nos. 192, 193 and 194). Plaintiffs do not dispute either of these facts. *See* Plaintiffs' Responses (Dkt. Nos. 210, 211, and 216). Instead, Plaintiffs argue that Defendants have violated their obligations

---
[2]Plaintiffs have asserted such medical malpractice claims—styled negligence claims—against all Defendants.

under the Federal Rules of Civil Procedure, by failing to adequately respond to Plaintiffs' "suggestions for disclosure." *Id*. However, Plaintiffs' excuse for this failure consists entirely of conclusory statements and argument, wholly unsupported by legal authority or evidence. *Id.* The Court rejected virtually identical arguments in denying Plaintiffs' motion to extend the time for designation of expert witnesses. (Dkt. No. 225). Considering the absence of authority or evidence in the Plaintiffs briefing, and for all the reasons stated in the Court's May 2, 2014 Order (Dkt. No. 225) the Court remains persuaded that Plaintiffs' failure to designate experts is unjustified and fatal to their case.

Plaintiffs cannot prove their medical malpractice claims without presenting expert testimony. *Hood*, 554 S.W.2d at 165-66. Because Plaintiffs have failed to designate experts, and because the Court is persuaded that said failure was unjustified, Defendants have established that "there is an absence of evidence to support the non-moving party's case." *See Celotex*, 477 U.S. at 325. Accordingly, summary judgment in favor of Defendants is appropriate.

### D. Plaintiffs' EMTALA Claims

The Emergency Medical Treatment and Active Labor Act ("EMTALA") creates a cause of action for individuals who are harmed by a hospital's failure to (1) provide an "appropriate medical screening examination within the capability of the hospital's emergency department," or (2) to stabilize an individual before transfer or discharge if an emergency medical condition is found to exist. 42 U.S.C. § 1395dd(a)-(b); *Cherry v. Columbia Med. Ctr.*, 2011 U.S. Dist. LEXIS 89241 at *6 (E.D. Tex. Jul 19, 2011). EMTALA was not intended to be a federal malpractice statute, but to prevent the practice of refusing to treat indigent patients, sometimes referred to as "patient-dumping." *See Marshall v. East Carroll Parish Hosp. Service Dist.*, 134 F.3d 319, 322 (5th Cir. 1998).

Plaintiffs allege that certain of the defendants in this case violated EMTALA by attempting to transfer Plaintiff Jesse Liles to another hospital or discharging Mr. Liles when he was in a medically unstable condition. Original Complain (Dkt. No. 1), at ¶¶ 28-34. EMTALA prohibits such a transfer or discharge of a patient presenting with "an emergency medical condition," until that individual is "stabilized" or certain conditions are met (*e.g.* the patient requests transfer after being informed of the hospital's obligations and risks attendant to transfer). 42 U.S.C. § 1395dd(c).

The Fifth Circuit has defined "to stabilize" as "treatment that medical ***experts*** agree would prevent the threatening and severe consequence of the patient's emergency medical condition while in transit." *Battle v. Memorial Hosp.*, 228 F.3d 544, 559 (5th Cir. 2000) (internal quotations omitted) (emphasis added). The Fifth Circuit's language suggests that expert testimony is required to prove a violation of EMTALA. This approach is consistent with the fact that "emergency medical condition," "stabilizing treatment" and other terms defined in the statute, 42 U.S.C. § 1395dd, are not "matter[s] of common knowledge . . . within the experience of the layman." *Hood*, 554 S.W.2d at 165-66 (requiring expert testimony in the medical malpractice context). Other courts have applied these principals in holding that "elements necessary to prove an EMTALA claim must be established by expert testimony, as they involve the analysis of complex medical decisions and treatment which are not within the general knowledge and understanding of lay persons." *Caristo v. Clark Reg'l Med. Ctr., Inc.*, 2009 U.S. Dist. LEXIS 75732 at *19 (E.D. Ky. Aug. 24, 2009); *see also Cruz-Vazquez v. Mennonite Gen. Hosp.*, 613 F.3d 54, 56 (1st Cir. 2010) ("expert testimony is generally required to assess certain elements of an EMTALA claim") (vacated on other grounds); *Romine v. St. Joseph Health Sys.*, 2013 U.S. App.

LEXIS 21926 at *9-10 (6th Cir. 2013) (noting that expert testimony may not be required in extreme cases, but that "[l]ay jurors will usually have difficulty determining to what extent a plaintiff was harmed by the initial injury and to what extent she was harmed by the subsequent inappropriate care.").

The Court declines to announce a rule that would require expert testimony is every EMTALA case. Such a fixed rule would be unwise in the Court's view. Notwithstanding the absence of such a bright line rule, expert testimony is certainly required in this EMTALA case. On its face, this case involves the treatment of Plaintiff Jesse Liles for acute and complicated pulmonary illnesses or injury. *See* Plaintiffs' Original Complaint (Dkt. No. 1), at ¶¶ 24-26. Plaintiffs' EMTALA claims would require the finder of fact to evaluate if and how Defendants' conduct in attempting to transfer or discharge Mr. Liles contributed to such injuries or illness, and whether or not the Defendants provided sufficient "stabilizing treatment" in connection with the alleged attempts to transfer or discharge Mr. Liles. *Id.* at ¶¶ 28-43; 42 USCS § 1395dd(b-c). This is clearly not a "matter of common knowledge . . . within the experience of the layman." *Hood*, 554 S.W.2d at 165-6. Plaintiffs therefore require expert testimony to support their EMTALA claims in this case. As discussed above, and in the Court's May 2, 2014 Order (Dkt. No. 225), Plaintiffs have failed to designate expert witnesses, without justification. Accordingly, the Court is persuaded that Defendants' Motions for Summary Judgment should be granted with respect to Plaintiffs' EMTALA claims.

### E. Defendants' Motions to Dismiss Plaintiffs' Conspiracy and Fraud Claims

In addition to their medical malpractice and EMTALA claims, Plaintiffs have also stated claims for fraud and conspiracy. *See* Plaintiffs' Original Complaint (Dkt. No. 1), at ¶¶ 35-36. However, such claims are fully predicated upon Defendants' alleged violations of EMTALA. For

the reasons discussed above, Plaintiffs cannot at trial present the expert testimony essential to prove their predicate EMTALA claims. Plaintiffs' fraud and conspiracy claims fail because their predicate EMTALA claims have failed. As a result, the Court is also persuaded that Defendants' Motions for Summary Judgment should be granted with respect to Plaintiffs' fraud and conspiracy claims.

## IV. CONCLUSION

For all the reasons set forth herein, and for those reasons addressed in the Court's May 2, 2014 Opinion and Order (Dkt. No. 225), the Court finds that Defendants' Motions (Dkt. Nos. 150, 192, 193 and 194), should be, and hereby are **GRANTED**. As a consequence thereof, the Court further **ORDERS** that Plaintiffs **TAKE NOTHING** pursuant to the claims asserted by Plaintiffs against Defendants in this case. Each party shall bear its own costs, attorneys' fees and expenses.

The Court concludes, having ruled as stated above, that the sole surviving claims in this case are the counterclaims asserted by Defendant Nacogdoches Medical Center for payment of medical fees and expenses which said Defendant alleges to have provided to Plaintiff Jesse Liles. *See* Nacogdoches Medical Center's First Amended Answer and Counterclaim (Dkt. No. 165). In light of such, the Parties are further **ORDERED** to meet and confer within 14 days of the issuance of this order, and to submit a Joint Status Report to the Court identifying the status of this counterclaim and any additional issues of which the Parties believe the Court should be made aware.

**So ORDERED and SIGNED this 5th day of May, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE